The STIMAC FAMILY TRUST, By Mark Stimac, Trustee, Plaintiff-Co-Appellant,

v.

WISCONSIN POWER AND LIGHT COMPANY, Defendant,

WEST BEND MUTUAL INSURANCE COMPANY, Defendant-Respondent,†

AQUIRE CONTRACTING AND RESTORATION INC. n/k/a Aquire Restoration Inc., Defendant-Appellant.

Court of Appeals

*No. 2016AP748. Submitted on briefs November 10, 2016. —Decided April 19, 2017.*

2017 WI App 33

(Also reported in 896 N.W.2d 383.)

† Petition for Review filed.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Andrew Wagener* of *Bollenbeck Fyfe, S.C.*, Appleton.

On behalf of the plaintiff-co-appellant, the cause was submitted on the briefs of *Michael Steber* of *Zimmerman & Steber Legal Group, S.C.*, Delafield.

On behalf of the defendant-respondent, the cause was submitted on the briefs of *Jeffrey Leavell* and *Christopher John Koppes* of *Jeffrey Leavell, S.C.*, Racine.

Before Reilly, P.J., Gundrum and Hagedorn, JJ.

¶ 1. REILLY, P.J.   In this appeal, we address the procedure utilized when an insurer denies coverage. We summarize the procedure as follows:   If an insurer alleges that it has no duty to defend its insured and does not provide its insured with a defense, then the four-corners rule applies and the only documents uti-

lized by the court are the insurance policy and the complaint. No extrinsic evidence may be considered. In contrast, if an insurer alleges that its policy does not provide coverage but provides a defense to its insured and bifurcates the matter while coverage is contested, then the court considers the complaint, the policy, and any extrinsic evidence to determine whether coverage exists.

¶ 2. West Bend Mutual Insurance Company (West Bend) insured Aquire Contracting and Restoration, Inc. (Aquire). Aquire was hired to perform restoration work on a residence owned by The Stimac Family Trust (Stimac) and, for purposes of this appeal, failed to do the work in a good and workmanlike manner. Stimac sued Aquire for damages. West Bend alleged that its policy did not cover the claim but provided counsel for Acquire and bifurcated the coverage question. West Bend then moved for summary judgment on the ground that its policy did not provide coverage to Aquire due to policy exclusions. The circuit court concluded that it could not consider extrinsic evidence offered by Aquire because of the four-corners rule and granted summary judgment to West Bend. As the court should have considered the extrinsic evidence, we reverse.

### Facts

¶ 3. Wisconsin Power and Light Company (WPL) was performing trenching/excavating work near the Stimac property when it severed an underground sewer line causing sewage and waste material to flood the Stimac residence. WPL hired Aquire to repair the Stimac residence. Soon after the repairs were made, Stimac observed mold growth in areas of the home and a pervasive odor of sewage. Stimac alerted WPL and

Aquire, which both denied any further obligation or responsibility to repair the property.

¶ 4.   Stimac sued and alleged in its complaint that Aquire was negligent in:   (1) failing to remove and replace all sewage and waste contaminated materials and fixtures; (2) failing to properly clean, refurbish, or restore the sewage and waste contaminated areas and materials inside, on, and under the residence; and (3) failing to "address, in any meaningful fashion" the areas of the residence that had been infiltrated by sewage and other waste material. Stimac alleged the home was uninhabitable due to mold and odor issues.

¶ 5.   West Bend denied any obligation to cover Aquire given three exclusions within its policy. West Bend filed a motion to bifurcate and stay proceedings pending a resolution of the coverage issue. West Bend asserted that it had "no duty to defend or indemnify Aquire," but explained that "[i]n an excess of caution, West Bend has provided a defense to Aquire under a reservation of rights." The circuit court granted West Bend's motion to bifurcate.

¶ 6.   West Bend sought summary judgment on its theory that three policy exclusions preclude coverage: the fungi or bacteria exclusion, the pollutant exclusion, and the business risk exclusion. West Bend submitted no extrinsic evidence apart from an affidavit of counsel attaching copies of the pertinent policies. Aquire and Stimac opposed the motion, claiming that the policy exclusions did not apply, and if they did, the exclusions did not exclude all potential damages. Aquire submitted extrinsic evidence as to the scope of the damage to the Stimac residence as well as the scope of the work done on the project. After a hearing, the circuit court granted West Bend's motion, finding all the exclusions

applicable and agreeing with West Bend that the coverage analysis must be confined to the four corners of the complaint and the policy. The circuit court entered an order dismissing West Bend from the case, and this appeal followed.

*Applicability of the Four-Corners Rule*

¶ 7. Whether an insurer has a duty to defend an insured is a question of law often determined by comparing the allegations contained in the complaint to the terms of the insurance policy without resorting to extrinsic evidence, a procedure known as the four-corners rule. *Water Well Sols. Serv. Grp. Inc. v. Consolidated Ins. Co.*, 2016 WI 54, ¶¶ 15, 30, 369 Wis. 2d 607, 881 N.W.2d 285; *see also Marks v. Houston Cas. Co.*, 2016 WI 53, ¶¶ 39–40, 369 Wis. 2d 547, 881 N.W.2d 309. Stimac and Aquire argue that the circuit court should have gone beyond the four-corners analysis and considered extrinsic evidence in determining whether coverage is provided under the policy in question. West Bend disagrees, claiming that the argument "ignores long standing Wisconsin law" and that "the use of extrinsic evidence beyond the complaint and policy is appropriate only when depositions are submitted and the insurer seeks a coverage ruling based on them."

¶ 8. Our supreme court has outlined a specific procedural context where the four-corners rule is not applicable. In *Sustache*, the court concluded that where an insurer elects to provide a defense to the insured under a reservation of rights, pending a determination on coverage, the four-corners rule is no

longer controlling. *Estate of Sustache v. American Family Mut. Ins. Co.*, 2008 WI 87, ¶¶ 28–29, 311 Wis. 2d 548, 751 N.W.2d 845. As the court explained, "[w]here the insurer has provided a defense to its insured, a party has provided extrinsic evidence to the court, and the court has focused in a *coverage* hearing on whether the insured's policy provides *coverage* for the plaintiff's claim, it cannot be said that the proceedings are governed by the four-corners rule." *Id.*, ¶ 29 (alteration in original). Thus, where an insurer has satisfied its initial duty to defend by providing counsel, Wisconsin permits introduction of extrinsic evidence to resolve the coverage question. *Id.*, ¶¶ 27–29.

¶ 9.   Similarly, in *Olson v. Farrar*, 2012 WI 3, 338 Wis. 2d 215, 809 N.W.2d 1, Mt. Morris Insurance Company provided a defense for its insured pursuant to a reservation of rights and moved to "bifurcate the coverage issues from the issues related to liability and damages, and stay all proceedings on liability and damages." *Id.*, ¶ 10. Mt. Morris then moved for declaratory and summary judgment, seeking a declaration that Mt. Morris owed no coverage and an order dismissing it from the action. *Id.*, ¶ 11. *Olson* concluded that the four-corners rule is not further implicated where "the insurer has elected to provide a defense pending a final determination on coverage." *Id.*, ¶ 34; *see also Oddsen v. Henry*, 2016 WI App 30, ¶ 21, 368 Wis. 2d 318, 878 N.W.2d 720. "From that point forward, *both the insurer and the insured* have a right to seek a coverage determination and may introduce extrinsic evidence, 'where appropriate to the resolution of the coverage question.' " SHEILA M. SULLIVAN, ET AL., ANDERSON ON WISCONSIN INSURANCE LAW, § 7.54 at 54 (7th ed. 2015) (quoting *Olson*, 338 Wis. 2d 215, ¶ 35) (emphasis added).

¶ 10. In this case, the circuit court applied the four-corners rule to determine West Bend's motion on summary judgment, concluding that "it is well settled law that the duty to defend is based on the four corners of the complaint" and that "[t]he Court cannot look to any other extrinsic evidence." We disagree. Like the insurers in *Sustache* and *Olson*, West Bend provided a defense to Aquire under a reservation of rights, sought and was granted bifurcation of the coverage and liability issues, and proceeded on summary judgment on the coverage issue. Thus, this case went "beyond the initial duty to defend stage of the proceedings" and proceeded to a determination of coverage. *See Sustache*, 311 Wis. 2d 548, ¶ 28.

¶ 11. West Bend argues that "the use of extrinsic evidence beyond the complaint and policy is appropriate only when depositions are submitted and the *insurer* seeks a coverage ruling based on them."[1] (Emphasis added.) Our reading of *Olson* suggests no such distinction. In Olson, the facts do not indicate that depositions were taken or that Mt. Morris submitted extrinsic evidence for consideration; instead, as in this case, Mt. Morris claimed extrinsic evidence was

---

[1] West Bend also cites to *Water Well* for the proposition that the four-corners rule applies in every duty-to-defend case. *Water Well*, however, involved breach of the duty to defend where the insurer denied coverage and did not provide a defense. *Water Well Sols. Serv. Grp. Inc. v. Consolidated Ins. Co.*, 2016 WI 54, ¶¶ 6–7, 369 Wis. 2d 607, 881 N.W.2d 285. This case does not involve a refusal to defend as West Bend provided counsel for Aquire. *Water Well* also did not overrule *Olson v. Farrar*, 2012 WI 3, 338 Wis. 2d 215, 809 N.W.2d 1, or *Estate of Sustache v. American Family Mut. Ins. Co.*, 2008 WI 87, 311 Wis. 2d 548, 751 N.W.2d 845.

inadmissible, while the insured "submitted an affidavit setting forth his version of the accident." *Olson*, 338 Wis. 2d 215, ¶¶ 15, 17. When an insurer provides a defense to its insured, any extrinsic evidence offered by either party must be considered by the court on the question of coverage.

¶ 12.  Aquire presented the circuit court with affidavits and argued that full discovery was needed to determine the full extent of any damages and whether those damages were covered by the policy. With the exception of certain discovery requests that were already pending, the circuit court stayed discovery while it resolved the coverage dispute. The court ultimately, and erroneously, determined that it could only consider the complaint and the policy per the four-corners rule. It did not consider the affidavits or whether to order further discovery. Thus, the proper remedy is to reverse this case and remand for the court to consider any extrinsic evidence already submitted and whether further discovery is necessary.

## Conclusion

¶ 13.  As the circuit court erred in making its determination based on the four corners of the complaint, we reverse the court's grant of summary judgment to West Bend and remand for further proceedings consistent with this decision.

*By the Court.*—Judgment reversed and cause remanded.